UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT ANTHONY CALLENDER,<br><br>Plaintiff,<br><br>v.<br><br>J. RAMM, et al.,<br><br>Defendants. | No. 2:16-cv-0694 JAM AC P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Pending before the court are defendants' motion to compel production of documents (ECF No. 38), plaintiff's motion to appoint counsel (ECF No. 39), and plaintiff's motion to compel discovery (ECF No. 40). For the reasons stated below, defendants' motion will be granted and plaintiff's motions will be denied.

I.   DEFENDANTS' MOTION TO COMPEL

Defendants seek an order requiring plaintiff to produce the following documents: (1) the declaration of inmate Eric Jones, dated January 25, 2017; (2) the declaration of inmate James Logan, dated January 26, 2017, and (3) Form 104 Property and Cash receipt, dated May 11, 2016. See ECF No. 38 at 3-5. Defendants aver that these documents come within the scope of the

1

request for production of documents that was made in relation to plaintiff's deposition, and that plaintiff testified at his deposition that he possessed the documents. The deposition was conducted via teleconference, and plaintiff refused defendants' request that the documents be photocopied by correctional staff during the deposition. See ECF No. 38 at 3-6.

Plaintiff's objections to producing these documents are overruled. Plaintiff may not withhold from defendants' evidence that is relevant to his claims and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Plaintiff may satisfy his obligation of production in either of two ways. If he believes that the requested documents are pertinent to the pending motion for summary judgment (ECF No. 42), he may submit them in opposition. Otherwise, he must serve them on defendants within 30 days of today's date, the same day that his opposition to summary judgment is due. See ECF No. 46 (order directing response to summary judgment motion). All three requested documents must be provided in one of these two ways.

II.     PLAINTIFF'S MOTION TO COMPEL

Plaintiff seeks the following documents:

1.   Any and all custodial records of any citizen complaints.

2.   Any and all records of inmate complaint of physical abuse.

3.   Any and all records of inmate complaints of racial discrimination.

11.  Any and all record of CDCR Form 104 (Property and Cash Receipts – Arrival) of inmate(s) which corresponds with each inmate and plaintiff(s) [sic] complaint of missing, destruction, physical abuse, racial discrimination, moral turpitude, complaints of retaliation, and failure of performance of their duties in between the years of 1-1-2013 to 1-1-2017.

12.  Any and all records of misconduct by defendants.

13.  Any and all records of disciplinary actions by CDCR Administrative Agency in which the defendant(s) has been disciplined for or put on a probationary period due to the defendant(s) either . . . failure of performance of duties, physical abuse, racial discrimination, moral turpitude, retaliation, displacement of an inmates [sic] property, or the intentional displacement of an inmates [sic] property, on any occasion while the defendants were on any assigned watch first, second or third while being employed by CDCR as an [sic] correctional officer.

14.  Any and all Department of Operations Manual Section cites upon which

> corresponds with [sic] the procedures in the performance of the duties as an [sic] CDCR correctional officer must, shall and are legally obligated to perform under D.O.M. Section Article 43 – Inmates Property.

ECF No. 40 at 4-5 (brackets added) (omission of Request Nos. 4-10 in original).

Federal Rule of Civil Procedure 26(b)(1) establishes the scope of discovery. It states in relevant part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

This case proceeds on plaintiff's claims that defendants Ramm and Sesnaros conspired to violate, and did violate, his right of access to the court by destroying his legal documents and papers. See ECF No. 19 (screening order) at 3-4, 6-7. Citizen complaints, and inmate complaints of physical abuse, racial discrimination, moral turpitude, and failure of performance of duties are not relevant to these claims and are therefore not discoverable.

Plaintiff has also failed to establish the relevance of (1) all inmate property inventory forms filed by defendants over a three-year period; (2) records related to misconduct by defendants and the discipline of defendants, and (3) complaints by other inmates related to personal property destruction, missing property, retaliation, and failure of performance of duties. This sort of evidence would be inadmissible on the question whether defendants intentionally destroyed plaintiff's property and/or denied plaintiff access to the courts. See Fed. R. Evid. 404(b) (stating evidence of wrong or other act not admissible to prove person's character to show that on particular occasion the person acted in accordance with character). Even if such documents could theoretically be relevant, the undersigned finds that their production is disproportionate to the needs of this case.

As to plaintiff's request for pertinent sections of the Department of Operations Manual, it appears that defendants have provided this information. See ECF No. 40 at 2 (indicating that Article 43 – Inmate Property is only item defendants have proffered to date in response to plaintiff's discovery requests).

For all these reasons, plaintiff's motion to compel (ECF No. 40) will be denied.

III.     PLAINTIFF'S MOTION TO APPOINT COUNSEL

A.     Plaintiff's Argument

Plaintiff requests the appointment of counsel on grounds that he "is unlearned in the law," only has a G.E.D. (general equivalency degree), is indigent, cannot afford to obtain counsel, and has been unable to gather evidence "that only an attorney can obtain through cooperation." See ECF No. 39 at 1.

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (stating same and concluding district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id.

Having considered both plaintiff's arguments and the governing law, including all authorities offered by plaintiff, the court concludes that appointment of counsel is not appropriate in this case. The law is clear: neither plaintiff's indigence, nor his lack of education, nor his lack of legal expertise warrant the appointment of counsel. See Wood, 900 F.2d at 1335-36; see also Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984) (finding court was within its discretion when it denied appointment of counsel to sixty-year old appellant proceeding in forma pauperis with no background in law who thoroughly presented issues in petition).

The issues in this case are not terribly complex.  Plaintiff has clearly shown that he is capable of adequately litigating this matter and expressing his thoughts and concerns.  At no point throughout these proceedings has the court been uncertain of either the substance of plaintiff's claims or of his litigation concerns.  For these reasons, the court finds that exceptional circumstances which warrant the appointment of counsel do not exist.  Therefore, the motion (ECF No. 39) will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel (ECF No. 38) is GRANTED;
2. Plaintiff shall provide the following documents either as attachments to his opposition to defendants' motion for summary judgment, or by separate service on defendants no later than 30 days from the effective date of this order:
   a. The declaration of inmate Eric Jones, dated January 25, 2017;
   b. The declaration of inmate James Logan, dated January 26, 2017; and
   c. Form 104 Property and Cash receipt, dated May 11, 2016;
3. Plaintiff's motion to compel (ECF No. 40) is DENIED; and
3. Plaintiff's motion to appoint counsel (ECF No. 39) is DENIED.

DATED: December 10, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE